**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Stalin Medina Baca, Leoncio Torres, and Angel Fernando Gonzalez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 20-CV-4701 |
| Plaintiffs, | **COMPLAINT** |
| - vs. – | |
| NB General Construction Corp. and Byron Abzun, | |
| Defendants. | |

Plaintiffs Stalin Medina Baca, Leoncio Torres, and Angel Fernando Gonzalez, by and through their undersigned attorneys, for their complaint against NB General Construction Corp. and Byron Abzun, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## <u>NATURE OF THE ACTION</u>

1.  Plaintiffs Stalin Medina Baca, Leoncio Torres, and Angel Fernando Gonzalez allege on behalf of themselves

and on behalf of other similarly situated current and former employees of defendants NB General Construction Corp. and Byron Abzun, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violations of the Wage Theft Prevention Act.

**THE PARTIES**

3. Plaintiffs Mr. Medina Baca and Mr. Torres are adult individuals residing in the Bronx, New York.

4. Plaintiff Mr. Gonzalez is an adult individual residing in White Plains, New York.

5.   Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.   Upon information and belief, defendant NB General Construction Corp. is a New York corporation with a registered business address of 333 Route 312, Brewster, New York.

7.   At relevant times, defendant NB General Construction Corp. ("NB General") has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.   Upon information and belief, at all relevant times, NB General has had gross annual revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times herein, NB General has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.  Upon information and belief, at all relevant times, defendant NB General has constituted an "enterprise" as defined in the FLSA.

11.  Upon information and belief, defendant Byron Abzun is an owner or part owner and principal of defendant

3

NB General, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Byron Abzun was involved in the day-to-day operations of defendant NB General and played an active role in managing the business.

13. For example, defendant Abzun hired plaintiffs, set their pay and schedules, supervised plaintiffs on a daily basis, and paid them each week.

14. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district and the underlying causes of action arose in this district.

## COLLECTIVE ACTION ALLEGATIONS

17.  Pursuant to 29 U.S.C. § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States as construction workers at any time since May 20, 2017, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.  The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt construction workers and laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

19.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

20.  Plaintiffs and the Collective Action Members performed the same or similar primary duties, and were subjected to the same policies and practices by NB General.

21.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

22.  At all relevant times herein, defendants owned and operated a construction company with an address in Queens, but that was engaged in numerous construction projects in Westchester County and in New Jersey.

23.  Plaintiffs were employed as rebar workers on residential and commercial construction projects.

24.  Mr. Medina Baca and Mr. Gonzalez were both employed by defendants from about January 2018 to July 2019.

25.  Mr. Torres was employed by defendants from about January 2018 to March 2019.

26.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

27.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28.  Plaintiffs each worked a regular schedule of six days per week throughout their employment. On weekdays they generally worked ten-hour days, and on Saturdays they

generally worked nine-hour days; they therefore worked roughly 59 hours per week each week of their employment.

29. Plaintiffs were paid on an hourly basis during their employment with defendants.

30. Mr. Medina Baca and Mr. Torres were paid $30 per hour throughout their employment.

31. Mr. Gonzalez was paid $25 per hour when he was hired, but after several weeks was given a raise to $35 per hour.

32. Plaintiffs were paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked in a week.

33. As a result, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

34. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

35. Plaintiffs were paid by check each week, but the checks were business checks rather than payroll checks, and were not accompanied by paystubs or wage statements that provided the information required by New York law, such as

regular and overtime hours worked and regular and overtime pay.

36. Defendants' failure to provide plaintiffs with weekly records of their compensation and hours worked was a violation of the Wage Theft Prevention Act.

37. Defendants failed to provide plaintiffs with written notices in their native language of Spanish providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed, in violation of the Wage Theft Prevention Act.

38. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' construction company that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

39. Upon information and belief, these other individuals have also worked in excess of forty hours per

week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

40. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

41. Upon information and belief, while defendants employed plaintiffs and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

42. Upon information and belief, while defendants employed plaintiffs and through all relevant time periods, defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

43. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

45. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

46. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>**COUNT II**</u>

**(New York Labor Law - Overtime)**

49.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

50.   At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51.   Defendants willfully violated the rights of plaintiffs by failing to pay them full overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

52.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53.   Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law — Wage Theft Prevention Act)

54. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated the rights of plaintiffs by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

57. Defendants willfully violated the rights of plaintiffs by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

58. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day during their employment, up to the maximum statutory damages.

59. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory

damages of $50 per day throughout their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs, on behalf of themselves and the members of the collective, respectfully requests that this Court grant the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

    b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting

in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

f.  Liquidated damages for defendants' New York Labor Law violations;

g.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h.  Back pay;

i.  Punitive damages;

j.  An award of prejudgment and postjudgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as
   this Court deems just and proper.

Dated:   May 20, 2020


_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
*Individually and on behalf of
others similarly situated*

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of NB General Construction Corp. and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de NB General Construction Corp. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

DocuSigned by:

_Stalin Medina Baca_
68279F164A18409...

Stalin Medina Baca

4/29/2020

Date: April ___, 2020

DocuSign Envelope ID: A1EA9A27-715F-43E5-95EC-207E9E33B917

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of NB General Construction Corp. and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de NB General Construction Corp. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

DocuSigned by:

DE92278CD3A54FA...

_____

Leonicio Torres


Date:  April ___, 2020

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of NB General Construction Corp. and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de NB General Construction Corp. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

DocuSigned by:

085F608A193C4BB...

Angel Fernando Gonzalez

5/18/2020

Date:  May ___, 2020